

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PETER EARL CASWELL,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-47-M-DLC-JCL<br><br>SECOND ORDER<br>STRIKING DOCUMENTS |

On February 27, 2014, Petitioner Peter Caswell filed this action under 28 U.S.C. § 2254. Caswell is a state prisoner proceeding pro se.

Caswell's petition shows that he deposited it in the prison system for legal mail on February 10, 2014. Pet. (Doc. 1) at 8 Pet'r Decl. ¶ C. That is the filing date of the petition. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988). Caswell has, nonetheless, been concerned to demonstrate to the Court that the petition he put in the mail on February 10, 2014, was not mailed out at that time. *See* Notice (Doc. 6) at 1.

The fate of the mail deposited on February 10, 2014, creates no issue for

1

Caswell to be concerned about. The filing date of Caswell's petition is February 10, 2014. If Caswell's petition is otherwise untimely, that issue will be addressed by the Court, and Caswell will be given an opportunity to respond.

Caswell's other recent submissions are letters from his unit case manager, Nick Cook. For the reasons the Court has already explained, *see* Order Striking Documents (Doc. 4) at 1-2, Cook's opinions are irrelevant, unhelpful, and of no probative value whatever. Further, Cook is not an attorney at law and may not make any request of this Court on Caswell's behalf. Cook's documents will again be stricken.

Caswell has put his claims before the Court. Under Rule 4 of the Rules Governing § 2254 Cases, the Court must prescreen the petition. Each case receives the individual attention of the presiding judge, and many cases are before the Court. Therefore, prescreening takes some time. When the process is complete, the Court will issue an order prescribing the next step in the litigation.

Accordingly, IT IS HEREBY ORDERED that Unit B Case Manager Nick Cook's letters (Doc. 6 at 4, 5, 6) are STRICKEN from the record. The Clerk of Court shall refile Caswell's "Notice" with the stricken pages detached from the principal document.

<u>Caswell must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in

denial of this action without notice to him.

DATED this 13th day of March, 2014.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge