IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| PETER EARL CASWELL,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 14–47–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and a Recommendation in this matter on February 3, 2016, recommending dismissal of Petitioner Peter Caswell's ("Caswell") application for writ of habeas corpus under 28 U.S.C. § 2254. Caswell timely filed objections and is therefore entitled to de novo review of those Findings and Recommendation to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United*

*States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Caswell objects to Judge Lynch's conclusion that the reconstructed record in this case was sufficiently complete to provide for effective appellate review. Caswell also maintains that the United States Supreme Court has specifically rejected the contention that counsel's memory and notes qualify as an equivalent alternative to a trial transcript. The Court disagrees with Caswell and will adopt the Findings and Recommendation in full.

As discussed by Judge Lynch, when the state provides for appellate review, an indigent defendant must be provided with a "record of sufficient completeness to permit proper consideration of (his) claims." *Mayer v. City of Chicago*, 404 U.S. 189, 194 (1971) (citations omitted). However, this does not mean a state must provide a verbatim transcript. *Id.* Indeed, the need for the transcripts is evaluated under two factors: "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." *Madera v. Risley*, 885 F.2d 646, 648 (9th Cir. 1989) (quoting *Britt v. North Carolina*, 404 U.S. 226, 227 (1971). A due process violation only occurs if a defendant is prejudiced by a reconstructed record that is inadequate. *See Madera*, 885 F.2d at 648–649 (defendant was not prejudiced by lack of complete transcript and thus

entitled to habeas relief).

Here, as noted in the Findings and Recommendation, approximately fifteen to twenty minutes of Officer Pitman's testimony was not recorded at Caswell's trial. Upon discovery of this error during Caswell's initial appeal, the State attempted to reconstruct this testimony through the "prosecutor's handwritten trial notes, the recording log, exhibit logs, the partial transcript, and a consultation with Captain Pitman." *State v. Caswell*, 295 P.3d 1063, 1067 (Mont. 2013). Caswell's trial attorney filed a response to the State's reconstructed record providing that he did "not have any independent recollection of the specifics of the missing testimony[,] . . . [but] believes objections were made during the course of the arresting officer's testimony." *Id.* Caswell also filed a response to the State's reconstructed record where he argued that the missing portion of testimony contained "proof that [he] was not drinking, was cooperative, was forthcoming, and that Ian and Beth had lied in their testimony and in their statements to law enforcement." *Caswell*, 295 P.3d at 1067.[1]

Turning to the Findings and Recommendation, Judge Lynch found that the unrecorded portion of the testimony revolved primarily around the introduction of

---

[1] Due to the relatively short period of missing testimony, and given defense counsel's response to the reconstructed record, the Court takes Caswell's argument for what it is worth.

roughly thirty exhibits in the form of photographs. Judge Lynch then throughly reviewed the substance of these photographs and analyzed any possible objections that could arise from their introduction. (*See* Doc. 42 at 28-29.) The Court agrees with Judge Lynch that it is highly unlikely that anything said during this portion of the testimony would now prejudice Caswell because he lacks access to the verbatim transcript for this habeas proceeding.

Further noted by Judge Lynch was the improbability that Officer Pitman made some statement exonerating Caswell during his unrecorded testimony. Multiple reasons back this finding, including: (1) Judge Wheelis's failure to acknowledge such a statement in the order adopting the State's reconstructed testimony;[2] (2) defense counsel's failure to recall this statement in his response to the State's reconstructed testimony; and (3) defense counsel's failure to highlight this statement at some other point in the trial, such as during closing arguments. The Court agrees with the Findings and Recommendation that Caswell has failed to show prejudice as result of the lack of a complete trial transcript.

Additionally, Caswell argues that controlling authority mandates that counsel's memory and notes cannot qualify as an equivalent alternative to a trial

---

[2] Judge Wheelis referred to Caswell's contention that Officer Pitman made an exonerating statement as "nothing more than fantasy." (Doc. 36-29 at 2.)

transcript. Caswell cites to *Britt v. North Carolina*, 404 U.S. 226 (1971), among others, for this argument.[3] The Court disagrees with Caswell on two points. First, nowhere in *Britt* does the high Court establish a bright line test on what qualifies as an adequate substitute for a complete transcript. *Britt* merely stands for the proposition that a court must weigh two factors in determining whether a state's denial of transcripts to an indigent defendant violates due process: (1) the value of the transcript to the defendant; and (2) whether there is an adequate alternative to the transcript. *Id.* at 227.

Second, contrary to Caswell's argument, the *Britt* Court noted that "trial notes might well provide an adequate substitute for a transcript[.]" *Id.* at 229 n. 4.[4] Here, in addition to the prosecutor's detailed trial notes, the reconstructed record contained "the recording log, exhibit logs, the partial transcript, and a consultation with Captain Pitman." *Caswell*, 295 P.3d at 1067. Further, the trial judge reviewed the reconstructed record, with comments from defense counsel, and ultimately adopted this record. As such, the Court agrees with the Montana

---

[3] Caswell provides a pinpoint citation to *Britt*, 404 U.S. at 224 for this contention. The Court has reviewed *Britt* and notes that this page does not exist in this decision. Further, the Court has read the entirety of this decision and cannot find any specific support for this argument.

[4] The Court recognizes that the *Britt* Court was referring to the trial judge's notes. However, as described *infra*, the reconstructed record was not solely based on the prosecutor's detailed trial notes and included other sources of independent information.

Supreme Court and Judge Lynch that the record in this case "is of sufficient completeness to afford effective appellate review." *Id.* at 1069. The Court further agrees with Judge Lynch that Caswell has failed to show that this finding is unreasonable. As such, the Court will adopt Judge Lynch's Findings and Recommendation in full.

Lastly, Caswell provides that, should the Court adopt the recommendation to dismiss his petition, it should grant him a certificate of appealability because he has made a "substantial showing of the denial of a constitutional right." (Doc. 45 at 4 (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)).) The Court disagrees with Caswell, primarily, because the issues in this case are not "adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (citations omitted). Further, the Court does not believe "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.* Caswell's request for a certificate of appealability will be denied.

Accordingly, the Court reviews the remainder of Judge Lynch's Findings and Recommendation for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendation (Doc. 42) is ADOPTED IN FULL.

(2) Caswell's petition is DENIED and DISMISSED WITH PREJUDICE; his claim is without merit.

(3) The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

(4) A certificate of appealability is DENIED.

DATED this 19th day of July, 2016.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court